## UNITED STATES v. JENKINSON.

*(District Court, W. D. Pennsylvania.    1883.)*

REVENUE LAWS—SALE OF MANUFACTURED TOBACCO—RETAIL TRADE.

Section 3363, Rev. St., provides, *inter alia,* that "no manufactured tobacco shall be sold or offered for sale unless put up in packages and stamped, as prescribed in this chapter, *except at retail, by retail dealers, from wooden packages stamped* as provided in this chapter." *Held,* that a sale by a retail dealer, in the course of his business, from a wooden package properly stamped, of part of the tobacco to another retail dealer, who proposed to sell it again, is a retailing within the excepting clause. The vendor is not answerable for the acts of the purchaser, and need not concern himself as to his intentions.

At Law.

*Geo. C. Wilson,* Asst. Dist. Atty., for the United States.

*P. C. Knox,* for defendant.

ACHESON, J.   The defendant was arrested upon a warrant issued by a United States commissioner for an alleged violation of section 3363, Rev. St.   There being no dispute as to the facts, by agreement between the government and defendant the case has been heard before me as upon a writ of *habeas corpus.*   The law under which the arrest has been made is as follows:

"Section 3363. No manufactured tobacco shall be sold, or offered for sale, unless put up in packages and stamped as prescribed in this chapter, *except at retail by retail dealers from wooden packages stamped as provided in this chapter;* and every person who sells, or offers for sale, any snuff, or any kind of manufactured tobacco, not so put up in packages and stamped, shall be fined not less than $500 nor more than $5,000, and imprisoned not less than six months nor more than two years."

The defendant is a retail dealer in manufactured tobacco, lawfully engaged in the business in Allegheny City.   Gilbreath Stitt is a like retail dealer at Apollo, in Armstrong county, Pennsylvania.   Stitt sent to the defendant an order for goods, including a small quantity—

four or five pounds—of plug tobacco. The latter was taken by the defendant from a wooden package stamped as provided by law, and shipped to Stitt with the other goods. This sale of the four or five pounds of plug tobacco constitutes the alleged violation of law for which the defendant has been arrested. The position of the government is that a sale of manufactured tobacco by one retail dealer to another to sell again, is not a retailing within the excepting clause of the statute.

It does not appear, however, that the defendant knew it was Stitt's intention to sell this tobacco again. Perhaps that might be a reasonable conjecture, but it is not pretended that the defendant had any certain information on the subject. Indeed, it is not shown that Stitt resold any of the tobacco, or offered it for sale. The tobacco having been found by the deputy collector in Stitt's store, this criminal information was made against the defendant.

It will be perceived that I am not called on to determine whether or not Stitt would incur the penalties of section 3363, if he should sell or offer to sell this tobacco. The question for solution is, has the defendant violated the law? It is conceded he is an authorized retail dealer in manufactured tobacco, and that the package from which he sold this particular lot was a wooden package lawfully stamped. Assuredly, a sale of four or five pounds of tobacco from a bulk package is retailing, according to the common understanding. Is it any the less a sale by retail on the part of the vendor because the purchaser himself happens to be a dealer in tobacco? It seems to me, not. The retail dealer in manufactured tobacco is under no obligation to inform himself as to the purposes of a purchaser. If he has duly qualified himself to engage in the business and sell from packages lawfully stamped, he does all the law exacts of him. It would be an impertinence on his part to inquire into the intention of his customers. On that subject he need not concern himself. If they should undertake to make an unlawful disposition of the goods they purchase, they must answer for their own acts. This statute is highly penal, and, as was said in *U. S.* v. *Veazie*, 6 FED. REP. 867, it ought not to be extended by implication so as to include acts not plainly within its terms.

Upon the admitted facts I am of opinion that the government has no case against the defendant, *and he is therefore discharged.*